I dissent.
In our order dated July 9, 2007, in which we remanded this case to the trial court, we stated:
 Accordingly, we reverse the trial court's summary denial and remand to the circuit court in order to allow Thompson to plead and prove the elements necessary to establish mental retardation, specifically including the threshold requirements set forth in Cherry v. State, [959 So.2d 702
(Fla. 2007)]. See also section 921.137(1), Fla. State.; Fla.R.Crim.P. 3.203(c) (e).
In Cherry v. State, 959 So.2d 702, 712-13 (Fla. 2007), this Court held that the statutes and rule had a strict cut-off at an IQ of 70 in order to establish significantly subaverage intellectual functioning.
The trial court found that the defendant's motion alleged that defendant's IQ was 75 in 1958 and 74 when he was in the second grade. Since the defendant's motion alleged that his IQ was above 70 during the period prior to attaining the age of 18, the trial court did not err in denying the defendant's motion because the defendant did not plead "the elements necessary to establish mental retardation, specifically including the threshold requirements set forth in Cherry."
CANADY and POLSTON, JJ., concur.